386 So.2d 300 (1980)
COMPANIA DE AVIACION FAUCETT S.A., Appellant,
v.
Michael K. MULFORD, Robert Mulford, and June Mulford, Appellees.
79-2425.
District Court of Appeal of Florida, Third District.
July 29, 1980.
*301 Ray Ellen Prystowsky, Miami Beach, for appellant.
Diaz Silveria & Associates, P.A., for appellees.
Before SCHWARTZ, NESBITT and DANIEL S. PEARSON, JJ.
SCHWARTZ, Judge.
Employees of the defendant-airline specifically informed the plaintiffs that their luggage was on board their flight from Cuzco to Lima, Peru, when in fact it had been removed from the plane. As a result, the Mulfords took off without their bags and spent the remainder of their South American trip attempting to secure them and replacing their contents; they were not returned until the plaintiffs had gone home to Iowa after their thus-ruined vacation was long over. After a non-jury trial, the lower court found that the airline had been guilty of "wilful misconduct" under Article 25(1) so as to render inapplicable the provisions of Article 22(2) of the Warsaw Convention, 49 U.S.Stat. 3000 (1934), 49 U.S.C.A. § 1502 (1976), which otherwise severely limit an international air carrier's liability for the mishandling of checked luggage. That conclusion is well-supported by the evidence concerning the misinformation which was deliberately or recklessly given to the plaintiffs concerning the whereabouts of their baggage. Cohen v. Varig Airlines, 62 A.D.2d 324, 405 N.Y.S.2d 44 (1978), and cases cited. Since we similarly find no error in the other issues presented, the judgment entered below for damages in excess of the liability limitation is therefore
Affirmed.